14 F.3d 595
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry LOWERY, Plaintiff-Appellee,
v.
T. E. REDD, Individually and in his official capacity as a
police officer; Larry STOVALL, Individually and
in his official capacity as a police
officer, Defendants-Appellants,
and
J.V. Simmons, Individually and in his official capacity as a
police officer; City of South Boston, Virginia,
Defendants.
Jerry Lowery, Plaintiff-Appellant,
v.
T.E. Redd, Individually and in his official capacity as a
police officer; Larry Stovall, Individually and in his
official capacity as a police officer; J.V. Simmons,
Individually and in his official capacity as a police
officer; City of South Boston, Virginia, Defendants-Appellees,
and
J. V. Simmons, Individually and in his official capacity as
a police officer; City of South Boston, Virginia,
Defendants.
Jerry Lowery, Plaintiff-Appellant,
v.
T. E. Redd, Individually and in his official capacity as a
police officer; -Larry Stovall, Individually and in his
official capacity as a police officer; -J. V. Simmons,
Individually and in his official capacity as a police
officer; City of South Boston, Virginia, Defendants-Appellees.
 Nos. 92-2450, 92-2551, 93-1153.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 29, 1993.
Dec. 21, 1993.
 
 Appeals from the United States District Court for the Western District of Virginia, at Danville.
 John H. OBrion, Jr., Cowan & Owen, P.C., for appellants.
 G. Rodney Sager, Rod Sager & Associates, for appellee.
 W.D.VA.
 AFFIRMED.
 Before HALL, PHILLIPS, and HAMILTON, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 In the early morning of February 1, 1991, during a traffic stop gone awry, Jerry Lowery was shot in the head by Larry Stovall, a police officer for the city of South Boston, Virginia. Lowery later brought this suit, alleging claims under state law and 42 U.S.C. Secs. 1983 and 1985, against Stovall; Thomas E. Redd, the other officer on the scene; J. V. Simmons, the chief of police for the city of South Boston; and the city itself.
 
 
 2
 After some discovery, the defendants moved for summary judgment. Redd and Stovall's motions were based on qualified immunity.
 
 
 3
 The district court denied Stovall's motion because, if Lowery's assertions of fact were true, no reasonable officer could have believed that the shooting was lawful. See Rainey v. Conerly, 973 F.2d 321 (4th Cir.1992). The court denied Redd's motion because of inadequate discovery--Redd's deposition had not yet been taken, and the court expressly stated that it would reconsider the motion after the deposition.
 
 
 4
 On the other hand, because Lowery had not proffered facts from which a reasonable trier of fact could find Chief Simmons or the city liable, the court granted them summary judgment.
 
 
 5
 Stovall and Redd appealed, and we have jurisdiction under the doctrine of Mitchell v. Forsyth, 472 U.S. 511 (1985) (denials of motions to dismiss or for summary judgment based on qualified immunity are immediately appealable). The district court certified under Fed.R.Civ.P. 54(b) that there was no just reason for delaying Lowery's appeal of the summary judgment entered for Simmons and the city, and Lowery cross-appealed.
 
 
 6
 We have considered the briefs and arguments of the parties, and we affirm the judgment of the district court for the reasons stated in its memorandum opinion. Lowery v. City of South Boston, Virginia, No. 92-0004-D (W.D. Va., Oct. 15, 1992).
 
 AFFIRMED